# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIONAL COMMISSION FOR THE CERTIFICATION OF CRANE OPERATORS, INC., | : : : : | |
| Plaintiff, | : : | |
| vs. | : : | CIVIL ACTION NO. 1:20-cv-483-TFM-N |
| NATIONWIDE EQUIPMENT TRAINING, LLC, *et al.*, | : : : | |
| Defendants. | : : | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on (1) the Court's show cause order that was entered on March 2, 2021 (Doc. 59), (2) the Motion to Strike/Remove the Comment/Acquasation Document File #57.1 From NCCCO Counsel Christina Hebdon that was filed by Defendant Donald Childers on behalf of himself and Defendant Nationwide Equipment Training, LLC (Doc. 64); and (3) the Court's show cause order that was entered on March 24, 2021 (Doc. 65)

### I.   PROCEDURAL BACKGROUND

On November 24, 2020, the Court entered a preliminary injunction against Defendants Donald Childers ("Childers") and Nationwide Equipment Training, LLC ("Nationwide") (collectively, "Defendants") based on Plaintiff National Commission for the Certification of Crane Operators, Inc.'s ("NCCCO"), allegations that Defendants sold and distributed material that infringed NCCCO's copyrights.  Docs. 2, 27.

On February 26, 2021, NCCCO filed a motion in which it requested the Court issue an order for Defendants to show cause why they should not be found in civil contempt of this Court's

preliminary injunction that was entered on November 24, 2020. Doc. 55. Specifically, NCCCO requested the Court: (1) hold Childers in civil contempt; (2) fine Childers in the amount of $500 per violation for a total of at least $45,500 for ninety-one (91) known violations; (3) require Childers to refund any NCCCO candidates from the ninety-one (91) known violations; (4) award NCCCO its attorneys' fees and costs that were incurred in enforcing the injunction; and (5) grant any and all other relief that the Court deems just and proper. *Id.*; Doc. 56. In support of NCCCO's motion, it stated it has evidence of at least ninety-one (91) instances, on at least six (6) separate occasions, when Childers violated the Court's preliminary injunction. *Id.* NCCCO detailed its allegations against Childers and submitted supporting declarations and exhibits. Docs. 56, 56-1, 56-2, 56-3, 56-4, 56-5, 56-6, 56-7.

On March 3, 2021, the Court granted the motion to show cause and ordered Defendants to show cause by March 24, 2021, why they should not be held in civil contempt and the relief that NCCCO sought should not be granted. Doc. 60. Defendants were advised if they did not respond to the show cause Order by March 24, 2021, NCCCO's motion to find Defendants in civil contempt of this Court's preliminary injunction would be granted.

On March 15, 2021, Childers filed on behalf of himself and Nationwide[1] his Motion to

---

[1] Childers was reminded he may represent himself *pro se* in this matter; however, Nationwide is required to secure counsel to appear before this Court in order to defend itself and may not be represented by Childers. The law is clear that a corporation or other artificial entity cannot appear or defend in federal court unless it is represented by counsel. **Error! Main Document Only.***See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that . . . cannot appear *pro se*, and must be represented by counsel."); *Franklin v. Garden State Life Ins.*, 462 F. App'x 928, 930 (11th Cir. 2012); *see also United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) ("A corporation is not permitted to litigate in a federal court unless it is represented by a lawyer licensed to practice in that court."); *Udoinyion v. Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011) (citing *Palazzo v. Gulf Oil*

Strike/Remove the Comment/Acquisation Document File #57.1 From NCCCO Counsel Christina Hebdon ("motion to strike") in which he states Ms. Hebdon altered a text message that he sent on February 27, 2021, and mischaracterized its contents. Doc. 64. On March 25, 2021, NCCCO filed its response to the motion to strike. Doc. 66.

On March 22, 2021, the Supplemental Memorandum in Support of Plaintiff's Motion For an Order to Show Cause Why Defendants Should Not be Held in Civil Contempt of Court ("supplement to motion to show cause") was filed in which NCCCO submitted supplemental evidence to its motion to show cause. Doc. 63. On March 24, 2021, the Court granted NCCCO's supplement to motion to show cause and ordered Defendants to show cause by April 15, 2021, why they should not be held in civil contempt and the relief that NCCCO seeks should not be granted. Doc. 65.

The Court set this matter for an evidentiary hearing on May 21, 2021, to determine whether Defendants should be held in civil contempt and NCCCO's requested relief granted. Doc. 71. The Court ordered the parties would be able to attend the hearing via video teleconference ("VTC") if a proper motion was submitted by May 13, 2021. *Id.* Defendants failed to properly request to attend the hearing via VTC. Out of an abundance of caution, the Clerk of Court provided information for Defendants to call into the hearing.

The Court conducted the evidentiary hearing on Friday, May 21, 2021. On behalf of NCCCO, Danny J. Collier, Jr., Esq., and Christina Hebdon, Esq., appeared on behalf of NCCCO in person and via VTC, respectively. Childers failed to appear either in person, or via VTC or telephone. No person appeared on behalf of Nationwide.

---

*Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("A corporation is an artificial entity that cannot appear *pro se* and must be represented by counsel.").

## II. ANALYSIS

This Court is empowered by 18 U.S.C. § 401 to punish parties who violate its orders, injunctions, and judgments. "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). Upon a *prima facie* showing of a violation, the burden shifts to the alleged contemnor to defend his or her failure to comply by showing, although he or she may have taken all reasonable steps to comply, he or she was unable to comply. *United States v. Rylander*, 460 U.S. 752, 757 (1983). If the alleged contemnor makes a sufficient showing, the burden shifts back to the party seeking contempt who bears the ultimate burden of ability to comply. *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir. 1986).

Here, the Court finds NCCCO has made out its *prima facie* case that Defendants have violated this Court's preliminary injunction that was entered on November 24, 2020, based on the motion to show cause (Doc. 55), supporting declarations and exhibits (Docs. 56, 56-1, 56-2, 56-3, 56-4, 56-5, 56-6, 56-7), supplement to show cause (Doc. 63), and information that was provided by NCCCO at the May 21, 2021 evidentiary hearing.

Accordingly, the burden shifts to Defendants to show they did, in fact, comply or they took all reasonable steps to comply but were unable to do so. The only response to the Court's show cause orders that Childers filed was his motion to strike, which neither addresses any reasonable steps that he took to comply with the Court's injunction nor how he was unable to do so.

In Childers's motion to strike, he states he "misunderstood the original injunction 2017" and "thought that [he] could at least teach a portion of the classes." Doc. 64 at 2. However, the injunction to which Childers refers was entered in another case before this Court, *National*

*Commission for the Certification of Crane Operators v. Nationwide Equipment Training, LLC*, Civ. Act. No. 1:17-cv-00152-CG-M. Childers also states Ms. Hebdon mischaracterized the contents of a text message that he sent on February 27, 2021, because it did not state either he or Nationwide would assist candidates with their NCCCO certifications. The text message states, "I [Donald Childers] do know a couple local instructors to continue with to help you with your recert etc." and Ms. Hebdon, in her affidavit, interpreted the statement to say Childers could help with candidates' recertifications. Docs. 57-1 at 2-3. Childers referenced the "cco" in the preceding text message, so the Court finds Ms. Hebdon did not mischaracterize the text message. Further, Childers's offer to help candidates locate alternate instructors for their "cco" recertification violates the Court's preliminary injunction because he is enjoined from, among other actions, "training, teaching, preparing, or *otherwise assisting any candidate seeking certification through any NCCCO certification program*, *through an in-person class or otherwise*, or participating or assisting in any such activity." Docs. 27 at 20 (emphasis added), 57-1 at 3. Accordingly, Childers's motion to strike is denied. Further, Defendants are found in contempt of the Court's preliminary injunction.

When imposing sanctions for civil contempt, a court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses . . . and coercive incarceration." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (citations omitted).

NCCCO requests the Court find Childers in civil contempt of the Court's preliminary injunction and fine him in the amount of $500 per violation for a total of at least $45,500 for ninety-one (91) known violations that include: a text message to an individual that states the "deadline for dec 13 cco crane class is closing in fast," teaching a four (4) day training course to eleven (11)

NCCCO certification candidates, a group text that invited recipients to text Childers if they needed "to recert," a group text message that invited the recipients to text Childers if they wanted "to sign up for the next cco crane class," calling an NCCCO candidate about training and certification and receiving funds for the candidate to participate in Childers's certification course, and a group text message that stated the "next cco crane class" would be February 25th through the 28th and would be held in Lucedale, Mississippi.  Doc. 56 at 8-14.  NCCCO also requests the Court award attorneys' fees and costs that are associated with enforcing the preliminary injunction.  Since the Court Defendants to be in contempt of the Court's preliminary injunction, the Court awards to NCCCO damages for the ninety-one (91) known violations of the preliminary injunction, and related attorneys' fees and costs.  The Court's finds a fine of $250 per violation of the preliminary injunction appropriate in this matter, and the Court will award NCCCO a total of $22,750.  The Court will deny NCCCO's request to require Childers to refund monies to NCCCO candidates, since they are not parties to this action.

## CONCLUSION

Accordingly, the motion to strike (Doc. 64) is **DENIED**.  Further, the Court finds Defendants Donald Childers and Nationwide Equipment Training, LLC, in **CONTEMPT OF COURT** for violating the Court's preliminary injunction and they are **SANCTIONED, jointly and severally**, in the amount of **$22,750, plus attorneys' fees and costs that were incurred by Plaintiff National Commission for the Certification of Crane Operators, Inc., to enforce the Court's preliminary injunction.**  Said sanction shall be paid to Plaintiff National Commission for the Certification of Crane Operators, Inc., and will be due once the attorneys' fees and costs are determined.  Plaintiff National Commission for the Certification of Crane Operators, Inc., is **ORDERED** to submit on or before **June 22, 2021**, an accounting and supporting declaration of

any fees and costs that were reasonably incurred to enforce the Court's preliminary injunction. Any objection to the reasonableness of the fees and costs that are submitted by Plaintiff National Commission for the Certification of Crane Operators, Inc., shall be filed on or before **June 30, 2021**.

  **DONE** and **ORDERED** this 8th day of June 2021.

              s/Terry F. Moorer
              TERRY F. MOORER
              UNITED STATES DISTRICT JUDGE