# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| NATIONAL COMMISSION FOR THE CERTIFICATION OF CRANE OPERATORS, INC., | : : : : | |
| Plaintiff, | : : | |
| vs. | : : | CIVIL ACTION NO. 1:20-cv-483-TFM-N |
| NATIONWIDE EQUIPMENT TRAINING, LLC, *et al.*, | : : : | |
| Defendants. | : : | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Court's order for non-party James T. Davis, Sr., to show cause why he should not be held in civil contempt. Doc. 102, entered February 7, 2022.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge outlined the factual and procedural background of this matter in the February 7, 2022 Order. Doc. 102.

Pursuant to 28 U.S.C. § 636(e)(6), the Magistrate Judge certified Plaintiff National Commission for the Certification of Crane Operators, Inc.'s ("NCCCO") presented *prima facie* evidence that showed James T. Davis, Sr. ("Mr. Davis"), failed to comply with a valid subpoena to appear for a deposition and ordered him to show cause why he should not be held in civil contempt at a hearing that was to be held before the undersigned on March 18, 2022. *Id.* at 6. Further, the Magistrate Judge directed a copy of her February 7, 2022 Order be sent by certified mail to Mr. Davis's mailing address, which was delivered on February 24, 2022. *Id.*

The undersigned conducted a hearing on the matter on March 18, 2022. Danny J. Collier,

Jr., Esq., appeared on behalf of NCCCO and Mr. Davis appeared *pro se*. Therefore, NCCCO's motion for an order to show cause is ripe for review.

## II.     ANALYSIS

This Court is empowered by 18 U.S.C. § 401 to punish parties who violate its orders, injunctions, and judgments. Further, under Fed. R. Civ. P. 45(g), a district court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." "A party seeking civil contempt bears the initial burden of proving by clear and convincing evidence that the alleged contemnor has violated an outstanding court order." *CFTC v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992). Specifically, a party seeking civil contempt for non-compliance with a subpoena must show "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Ga. Power Co. v. N.L.R.B.*, 484 F.3d 1288, 1291 (11th Cir. 2007) (citation and emphasis omitted). Upon a *prima facie* showing of a violation, the burden shifts to the alleged contemnor to defend his or her failure to comply by showing, although he or she may have taken all reasonable steps to comply, he or she was unable to comply. *United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548, 1552, 75 L. Ed. 2d 521 (1983). If the alleged contemnor makes a sufficient showing, the burden shifts back to the party seeking contempt who bears the ultimate burden of ability to comply. *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 984 (11th Cir. 1986).

Here, the Court finds NCCCO made out its *prima facie* case that Mr. Davis did not comply with a lawful subpoena that (1) contained all necessary information and was signed by an attorney who is admitted in this Court, (2) Mr. Davis was not required to travel more than 100 miles to the

location of the deposition, and (3) NCCCO tendered the appropriate mileage and witness fees. *Compare* Doc. 69-1 *with* FED. R. CIV. P. 45(g).

The burden shifts to Mr. Davis to show he did, in fact, comply or he took all reasonable steps to comply but was unable to do so. Mr. Davis was called to provide testimony at the show cause hearing and did not provide the Court with an adequate explanation for why he did not comply with the subpoena. Mr. Davis stated, on the day of his noticed deposition, he called Mr. Collier's office and reported he was exposed to Covid-19. Later that same day, Mr. Davis called Mr. Collier, told him a California lawyer advised him he was not required to attend the deposition, then said he would be at the deposition in a few minutes, but did not attend. Mr. Davis again called Mr. Collier and told him he would not attend the deposition because a California lawyer advised him he was not required to attend. Mr. Davis admitted the lawyer was not, in fact, a lawyer, but a paralegal. Accordingly, the Court finds Mr. Davis in contempt for his failure to comply with a lawful subpoena.

NCCCO requests the Court find Mr. Davis in civil contempt of the subpoena, compel him to appear for a deposition, and award it attorneys' fees and costs that are associated with his failure to appear for the deposition. The Court notes Mr. Davis appeared for a subsequent deposition on April 15, 2021, after NCCCO filed its related motion for contempt on April 8, 2021. Docs. 69, 75-1 at 25-73. As to attorneys' fees and costs, NCCCO submits the affidavit of Danny Collier, who claims he performed 18.70 hours of legal work at a rate of $250.00 per hour, for a total of $4,675.00, as a result of Mr. Davis's failure to comply with the subpoena. Doc. 105-1. Mr. Collier submits a timesheet with an itemized description of the work performed. Doc. 105-2 at 1-2. Further, Mr. Collier submits the invoice from the court reporter who appeared for the deposition, which totals $195.00. *Id.* at 3. In total, Mr. Collier claims $4,870.00 in attorneys' fees and costs.

When imposing sanctions for civil contempt, a court "ha[s] numerous options, among them: a coercive daily fine, a compensatory fine, attorneys' fees and expenses . . . and coercive incarceration." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (citations omitted). However, "it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." FED. R. CIV. P. 45(g) advisory committee's note to 2013 amendment. The advisory committee's note suggests a contemnor's initial failure to comply with a subpoena does not warrant sanctions without the Court first ordering compliance with that subpoena.

Here, the evidence shows Mr. Davis appeared for a subsequent deposition without the issuance of an order by the Court to comply with his original subpoena and, in fact, Mr. Davis appeared for a deposition within nine (9) days of the originally rescheduled deposition. *Compare* Doc. 69-5 *with* Doc. 75-1 at 25-73. Further, Mr. Davis appeared before the Court for the show cause hearing. In light of Mr. Davis's compliant conduct since he failed to comply with the first subpoena, the Court finds sanctions are not warranted for the original failure to appear.

### III.   CONCLUSION

Accordingly, the motion (Doc. 69) is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to NCCCO's request to find James T. Davis, Sr., in contempt for his failure to comply with a lawful subpoena. The motion is **DENIED** as to NCCCO's request to award it attorneys' fees and costs for Mr. Davis's contempt, and the motion is **DENIED as moot** as to NCCCO's request to compel Mr. Davis to appear for a deposition. All matters pertaining to non-party James T. Davis, Sr., are resolved. The **CLERK OF COURT** is **DIRECTED** to send a copy of this Order to non-party James T. Davis, Sr.

**DONE** and **ORDERED** this 14th day of October 2022.

                                           s/Terry F. Moorer
                                           TERRY F. MOORER
                                           UNITED STATES DISTRICT JUDGE